IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **NORVELL EWING, III**<br>    5709 Kaveh Court<br>    Upper Marlboro, Maryland  20772<br>    Prince George's County<br><br>                        Plaintiff,<br><br>    v.<br><br>**UNITED STATES OF AMERICA**<br><br>    **Serve upon:**<br>    Monty Wilkinson<br>    Acting Attorney General of the United States<br>    Office of the U.S. Attorney General<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, D.C. 20530<br><br>              And<br><br>    Jonathan Lenzner<br>    Acting United States Attorney<br>    for the District of Maryland<br>    36 S. Charles Street<br>    4th Floor<br>    Baltimore, Md.  21201<br><br>              And<br><br>**NIERICA A. BROOKS**<br>     2224 Bigwood Terrace<br>     College Park, Georgia  30349<br><br>                        Defendants. | **Case No.:** |

# COMPLAINT

The Plaintiff, Norvell Ewing, III, brings this cause of action against the Defendant United States of America under the Federal Tort Claims Act and also brings this action against Defendant Nierica A. Brooks pursuant to the diversity of citizenship between the Plaintiff and Defendant Brooks and a claim in excess of the statutory amount required for the exercise of diversity jurisdiction.

## PARTIES

1. The Plaintiff, Norvell Ewing III (hereinafter "Mr. Ewing"), is a citizen of the State of Maryland, residing at 5709 Kaveh Court Upper Marlboro, Maryland  20772 situated within this court's  Southern District.

2. The Defendant, United States of America, (hereinafter "the United States" ) is responsible for the for the torts of its employees in the various departments of the federal government which at all times pertinent to this case was the Department of the Navy. The U.S. government is amenable to suit pursuant to the Federal Torts Claims Act,  (The "FTCA"), 28 U.S.C. §§ 1346(b) and 2672-80 under which the case is brought.

3. The Plaintiff, Norvell Ewing III, has exhausted his administrative remedies as required by 28 U.S.C. § 2675 by submitting his claim to the Department of the Navy on Standard Form 95. The Navy JAG Office received the claim on August 12, 2019, and assigned Claim No. J191155. The claim remains unresolved, but the Tort Claims Section granted permission to file suit any time after February 12, 2020.

4. The Defendant, Nierica A. Brooks, is a citizen of the State of Georgia, residing at   2224 Bigwood Terrace, College Park, Georgia  30349.

**JURISDICTION & VENUE**

5. This Honorable Court has jurisdiction over the Defendant United States under the FTCA, 28 U.S.C. § 1346(b). Venue is appropriate since Plaintiff resides in Maryland, 28 U.S.C. § 750.32(a).

6. Defendant Nierica A. Brooks --- as a citizen of Georgia, residing at 2224 Bigwood Terrace, College Park, Georgia at all times pertinent to the Plaintiff's liability claim --- owned and was operating her own vehicle. Pursuant to 28 U.S.C. § 1332, jurisdiction lies against both Defendant Brooks under this court's diversity jurisdiction in that the Plaintiff and this private Defendant are citizens of different states and Plaintiff's claim exceeds $75,000. Venue is appropriate since the cause of action arises from the same nucleus of operative facts.

**COUNT I**
**(Negligence Claim Against the United States)**

7. Plaintiff hereby incorporates by reference the allegations set forth above and further contends:

8. On February 20, 2019, one Baron V. Reinhold, while acting within the scope of his employment with the United States Navy, was operating a vehicle owned by the U.S. Navy in Atlanta, Georgia.

9. At approximately 10:42 that morning, the Government owned vehicle operated by Mr. Reinhold struck the rear end of a vehicle owned and operated by Defendant Brooks as she was in the process of making a right turn from Luckie Street, N.W. onto Mills Street, N.W. in the downtown section of Atlanta. Mr. Ewing was a passenger in the Brooks owned vehicle.

10.     At that time and place it was the duty and responsibility of Baron V. Reinhold to operate the Government vehicle he was driving with reasonable care and due regard for others using the roads in Atlanta, including but not limited to, Defendant Brooks.

11.     Notwithstanding this duty, Baron V. Reinhold then and there so carelessly, recklessly, and negligently operated his vehicle is such a way as to cause it to collide with the vehicle in which Mr. Ewing was a passenger.

12.      Burton V. Reinhold failed and neglected to pay full time and attention to his driving and thereby failed to reduce the speed of the vehicle he was operating to avoid the aforesaid collision.  In sum, he failed to keep a proper lookout, failed to keep his vehicle under appropriate control, and failed  to use ordinary care in the operation of the Government-assigned vehicle he was operating at that time and place and may have been otherwise negligent.  Through these acts and omissions, Mr. Reinhold violated the traffic laws and regulations then and there in effect.

13.     As a proximate and direct result of the negligence of Burton V. Reinhold, Mr. Ewing sustained serious injuries some of which may be permanent in character.  These injuries caused Mr. Ewing to incur pain, suffering and discomfort which resulted in functional impairments. To treat these injuries and alleviate his pain, Mr. Ewing has incurred medical bills and may continue to incur such charges in the future.  These injuries also caused Mr. Ewing to lose income as a public-school teacher as well as losing income and earning capacity from his summer employment and other part-time positions he had occupied before his injuries.  All of these harms and losses were a direct and proximate result of Burton V. Reinhart's negligence for which the United States is vicariously liable.

**WHEREFORE**, the premises considered, the Plaintiff demands judgement against the Defendant United States of America in the amount of Seven Hundred Fifty Thousand Dollars

($750,000.00) plus interest and costs of this action and such other and further relief as the Court deems just and proper.

## COUNT II
### (Negligence Claim Against Defendant Nierica A. Brooks)

14. All of the above allegations are incorporated herein by reference.

15. Defendant Brooks at all times pertinent to the liability issue, was a "branded" Uber driver meaning that she was a commercial ride service driver who responded to potential customers seeking ground transportation services in the Atlanta, Ga. area.

16. On February 20, 2019, she received a request on an Uber "app" for such service from Mr. Ewing who was visiting Atlanta while on vacation at that time. Pursuant to his request, Defendant Brooks was in the process of driving Mr. Ewing to a destination in Atlanta when the collision specified herein occurred.

17. At approximately 10:30 a.m. on that day, Defendant Brooks executed a sharp right turn after suddenly changing her course of travel. In suddenly changing course, she was negligent and substantially contributed to the happening of the collision.

18. Defendant Brooks owed her passenger, Mr. Ewing --- a duty as well as a responsibility --- to drive with reasonable care, which includes but is not limited to, defensive driving. Such driving requires, *inter alia*, avoiding last minute maneuvers so that her vehicle would not be rear-ended by other careless drivers like Burton V. Reinhold. As a commercial driver, she owed her passengers, like Mr. Ewing, a smooth ride and rudimentary knowledge of her surroundings so she would not be overly, if not entirely reliant on her GPS.

19. Defendant Brooks breached these duties by negligently failing to pay full time and attention to her driving, overreliance on her GPS, failing to keep her vehicle under appropriate control and

failing to use reasonable care while transporting a passenger. Through these negligent acts and omissions, Defendant Brooks may have violated traffic rules and regulations then and there in effect.

20. As a direct and proximate cause of the aforesaid negligence of Defendant Brooks, Mr. Ewing sustained serious injuries some of which may be permanent in character. These injuries caused Mr. Ewing to incur pain, suffering and discomfort which resulted in functional impairments. To treat these injuries and alleviate his pain, Mr. Ewing has incurred medical bills and may continue to incur such charges in the future. These injuries also caused Mr. Ewing to lose income as a public-school teacher as well as losing income and earning capacity from his summer employment and other part-time positions he had occupied before his injuries.

WHEREFORE, the premises considered, Plaintiff Norvell Ewing demands judgment against Defendant Nierica A. Brooks for Seven Hundred Fifty Thousand Dollars ($750,000.00) plus interest and costs as well as such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THE LAPIDUS LAW FIRM, PLLC**

By:  /S/Lawrence S. Lapidus/s/
Lawrence S. Lapidus, Bar No. 02922
Michael G. Lapidus, Bar No. 20394

1990 M Street, N.W., Suite 350
Washington, D.C. 20036
Phone: (202) 785-5111
Fax: (202) 785-5318
llapidus@lapiduslawfirm.com
mlapidus@lapiduslawfirm.com
*Attorneys for the Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable as presented in this Complaint for Count II only.


/s/Michael G. Lapidus/s/                    /s/Lawrence S. Lapidus/s/
Michael G. Lapidus                           Lawrence S. Lapidus